IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


PAUL B. TAYLOR                                                                                    PLAINTIFF

vs.                                    Civil No. 5:07-cv-5106

MICHAEL J. ASTRUE                                                                           DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Paul B. Taylor ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed applications for SSI and DIB on November 8, 2002. (Tr. 59-61, 339-341). In this application and in the supporting documents filed with the SSA, Plaintiff alleged he was disabled due to a seizure disorder secondary to a head injury. (Tr. 74). In these applications, Plaintiff alleged an onset date of May 25, 2002. (Tr. 59-61, 339-341). These applications were

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

initially denied on June 3, 2003 and were denied again on reconsideration on July 21, 2003. (Tr. 33-36, 342-343).

**A. June 9, 2004 Hearing Decision**

On August 8, 2003, Plaintiff filed a timely request for an administrative hearing on his applications. (Tr. 46). Plaintiff claimed that a hearing was required because his "physical and mental conditions prevent . . . [him] . . . from carrying out substantial gainful employment." *See id.* The hearing was held on March 9, 2004 in Fayetteville, Arkansas. (Tr. 534-544). Plaintiff was present and was represented by counsel, Robert Tancre, at this hearing. *See id.* Only Plaintiff testified at this hearing. *See id.* At Plaintiff's alleged onset date, Plaintiff was forty-four (44) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had obtained his GED. (Tr. 13).

On June 9, 2004, the ALJ entered an unfavorable decision denying Plaintiff's requests for SSI and DIB. (Tr. 349-359). In this decision, the ALJ determined Plaintiff met the nondisability requirements for a period of disability and DIB and was insured for benefits through the date of the this decision. (Tr. 357, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date. (Tr. 357, Finding 2). The ALJ found that Plaintiff's seizure disorder, cognitive disorder, and his history of alcohol abuse were considered "severe" but not medically determinable impairments that met or medically equaled one of the listed impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 357, Findings 3-4).

The ALJ also evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 351-357). Specifically, the ALJ determined that Plaintiff's allegations regarding his limitations were not totally credible, and the ALJ determined that Plaintiff

2

retained the following RFC:

> The claimant has a residual functional capacity that consists of no significant physical limitations other than he must avoid all exposure to hazards, including machinery and heights, as well as perform no activities involving driving. From a mental standpoint, he is seriously limited, but not precluded, in the ability to understand, remember, and carry out detailed instructions; maintain attention and concentration; set realistic goals or make plans independently of others; interact appropriately with the general public; complete a normal workday and workweek without interruptions from psychologically based symptoms; and to perform at a consistent pace without an unreasonable manner and length of rest periods. However, he is able to perform work where interpersonal contact is incidental to the work performed, complexity of tasks is learned by rote, with few variables and little judgment; and supervision is simple, direct, and concrete.

(Tr. 357-358, Finding 6).[2] *See* 20 C.F.R. § 416.967.

The ALJ then determined, based upon his RFC, that Plaintiff would be unable to perform any of his Past Relevant Work ("PRW") but would be able to perform work existing in significant numbers in the economy. (Tr. 358, Findings 7, 12). The ALJ based these findings upon the Vocational Expert's ("VE") responses to written interrogatories. *See id.* Specifically, the ALJ found, based upon Plaintiff's age, education, and work experience, and the testimony of the VE, that there were a significant number of jobs existing within the regional or national economies that Plaintiff could perform. (Tr. 358, Finding 12). Specifically, the ALJ found Plaintiff could perform work as a hotel/motel housekeeper (1,000 such jobs in the region, 7,900 in Arkansas, and 869,000 in the nation) and as a hand packer (600 such jobs in the region, 4,420 in Arkansas, and 316,000 in the nation). *See id.* Based upon this finding, the ALJ determined that Plaintiff was not under a "disability" under the Act. (Tr. 358, Finding 13).

Thereafter, on June 25, 2004, Plaintiff filed a request for review with the Appeals Council.

---

[2] The Court fails to understand how a claimant can be "seriously limited" from a "mental standpoint" and yet be able to be fully functional at all of the listed activities as found by the ALJ in his RFC determination.

3

(Tr. 370). Before the Appeals Council entered an order on this issue, Plaintiff filed a second application for disability benefits which was granted on reconsideration. (Tr. 366-369). In the notice granting benefits, the SSA found that Plaintiff's onset date was June 10, 2004. (Tr. 369).

On April 29, 2005, the Appeals Council responded to Plaintiff's June 25, 2004 request for review. (Tr. 363-365). In this order, the Appeals Council affirmed the SSA's grant of benefits with an alleged onset date of June 10, 2004. *See id.* The Appeals Council, however, still remanded Plaintiff's case to the ALJ, directing the ALJ to further investigate Plaintiff's claimed disability from his alleged onset date of May 25, 2002 through the onset date of June 10, 2004 as found by the SSA. *See id.* Specifically, the Appeals Council directed the ALJ to (1) further evaluate Plaintiff's subjective complaints, (2) further evaluate Plaintiff's claimed mental impairment, and (3) obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base. (Tr. 364).

**B. April 13, 2006 Hearing Decision**

On January 31, 2006, the ALJ held a supplemental hearing in Plaintiff's case to further evaluate Plaintiff's claimed disabilities between the dates of Plaintiff's alleged onset date of May 25, 2003 and the onset date (as found by the SSA) of June 10, 2005. (Tr. 545-595). At this hearing, Plaintiff was present and was represented by counsel, Lawrence Fitting. *See id.* Plaintiff, VE Tanya Owen, and Jeanie Taylor (Plaintiff's wife) testified at this administrative hearing. *See id.*

On April 13, 2006, the ALJ entered a second unfavorable disability determination in Plaintiff's case. (Tr. 12-20). The ALJ determined Plaintiff met the nondisability requirements for a period of disability and DIB and was insured for benefits through the date of the ALJ's decision. (Tr. 18, Finding 1). The ALJ also determined that Plaintiff had not engaged in Substantial Gainful

Activity ("SGA") at any time during the period from May 25, 2002[3] through June 9, 2004. (Tr. 18, Finding 2). The ALJ determined that Plaintiff's major depression, cognitive disorder, and seizure disorder were considered "severe" impairments but did not meet or medically equal one of the Listings. (Tr. 18, Findings 3-4).

The ALJ also evaluated Plaintiff's subjective complaints and determined Plaintiff's RFC. (Tr. 18, Findings 5-9). The ALJ determined that Plaintiff's allegations regarding his limitations were not totally credible. (Tr. 18, Finding 5). The ALJ did not base this credibility determination upon any specific findings. (Tr. 13-18). Instead, the ALJ stated the following:

> In making this assessment, the undersigned must consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence based on the requirements of 20 CFR §§ 404.1529 and 416.929, and Social Security Ruling 96-7p.

(Tr. 14). Based upon this credibility determination, the ALJ then evaluated Plaintiff's RFC and determined her RFC was as follows:

> The claimant retained the residual functional capacity to perform a full range of medium exertion level activities with non-exertional limitations during the period from May 22, 2002[4] to June 9, 2004. Specifically, he could lift and carry 25 pounds frequently and 50 pounds occasionally; push/pull 25 pounds frequently and 50 pounds occasionally; stand/sit/walk for 6 hours out of an 8-hour workday; and avoid all exposure to hazards, such as machinery (including driving), and heights. From a mental standpoint, he had limited, but satisfactory, ability to follow work rules and to maintain his personal appearance. He was seriously limited, but not precluded, in his ability to relate to co-workers; deal with the public; use judgment; interact with supervisors; function independently; maintain attention and concentration; understand, remember, and carry out simple/detailed job instructions; behave in an emotionally stable manner; relate predictably in social situations; and demonstrate reliability. He was essentially unable to deal with work stresses and to understand, remember, and carry out complex job instructions during the period in question.

---

[3] The ALJ mistakenly noted in his decision that Plaintiff's alleged onset date was May 22, 2002. (Tr. 12-19). According to his applications, Plaintiff alleged an onset date of May 25, 2002. (Tr. 59-61, 339-341).

[4] As noted above, this date should be May 25, 2002. (Tr. 59-61, 339-341).

5

(Tr. 18-19, Finding 6).

The ALJ also determined, based upon the testimony of a vocational expert, that Plaintiff could not perform his PRW but could perform other work in the national economy. (Tr. 19, Findings 7, 12). Plaintiff and VE Owen testified at the administrative hearing on January 31, 2006 regarding these issues. (Tr. 553-560, 587-594). Based upon their testimony, the ALJ found that Plaintiff was unable to perform any of his PRW during the time period from May 25, 2002 until June 9, 2004. (Tr. 19, Finding 7). However, also based upon this testimony, the ALJ found that there were a significant number of unskilled jobs, performed at a light exertional level, existing within the regional and national economies, that Plaintiff could have performed during the period from May 25, 2002 until June 9, 2004. (Tr. 19, Finding 12). The ALJ found that examples of such jobs include work as a housekeeper (3,600 such jobs in Arkansas and 409,000 in the United States), mail clerk (500 such jobs in Arkansas and 79,000 in the United States), and food preparer (800 jobs in Arkansas and 118,000 in the United States). (Tr. 19, Finding 12). Based upon these findings, the ALJ determined that Plaintiff was not under a "disability" as defined in the Act at any time during the period from May 22, 2002 until June 9, 2004. (Tr. 19, Finding 13).

On April 17, 2006, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 8). On April 19, 2007, the Appeals Council declined to review the ALJ's decision, and the ALJ's decision became the final decision of the SSA. (Tr. 5-7). *See* 20 C.F.R. § 404.984(b)(2). On June 8, 2007, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). The parties consented to the jurisdiction of this Court on August 1, 2007. (Doc. No. 4). This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal, raising two points: (1) the ALJ erred by failing to comply with the Appeals Council remand order dated April 29, 2005 when he failed to reevaluate the claimant's subjective complaints, mental impairments, and vocational testimony and (2) the ALJ erred by failing to comply with Social Security Ruling ("SSR") 83-20 and hear testimony from a medical advisor in determining the onset date of Plaintiff's impairments. (Doc. No. 7, Pages 4-9).

In response, Defendant argues that the ALJ properly determined Plaintiff's mental RFC, and Defendant also argues that SSR is inapplicable to this case. (Doc. No. 8, Pages 3-7). Because the ALJ erred by failing to properly evaluate Plaintiff's subjective complaints, this Court will only address Plaintiff's first argument.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[5] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find

---

[5] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

9

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Appeals Council directed the ALJ, on remand, to fully evaluate Plaintiff's subjective complaints as follows:

> Upon Remand, the Administrative Law Judge will:
>
> - Further evaluate the claimant's subjective complaints and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms (20 CFR 404.1529 and 416.929) and pertinent circuit case law and Social Security Ruling 96-7p.

(Tr. 364). The ALJ, however, did not comply with this directive and did not fully evaluate Plaintiff's subjective complaints in accordance with "pertinent circuit case law" (i.e., *Polaski v. Heckler*) and in accordance with Social Security Ruling 96-7p.[6] Instead of stating inconsistencies and examining the *Polaski* factors and applying those factors in Plaintiff's case, the ALJ merely stated the following:

> In making this assessment, the undersigned must consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence based on the requirements of 20 CFR §§ 404.1529 and 416.929, and Social Security Ruling 96-7p.

(Tr. 14). Such a "credibility analysis" is wholly insufficient. On remand, the ALJ is directed to fully comply with the requirements of *Polaski* and to further evaluate Plaintiff's subjective complaints. (Tr. 363-365).

Furthermore, on remand, the ALJ should otherwise fully comply with the other provisions of the Appeals Council's order. (Tr. 363-365). In this order, the Appeals Council directed the ALJ to further evaluate Plaintiff's mental impairments "in accordance with the special technique

---

[6] In his appeal brief, Defendant does not even argue that the ALJ did comply with this part of Appeals Council's Order. (Doc. No. 8).

described in 20 C.F.R. 404.1520a and 416.920a, documenting application of the technique in the decision *by providing specific findings and appropriate rationale* for each of the functional areas described in 20 CFR 404.1520a(c) and 416.920(c)." (Tr. 364) (emphasis added). In his opinion, the ALJ, however, did not provide specific findings and did not provide the appropriate rationale to support any of these findings. (Tr. 13). Instead, the ALJ merely listed the mental limitations he found and then stated, "[b]ecause of these impairments, the claimant has experienced moderate restrictions in daily living activities; moderate restrictions in maintaining social functioning; moderate restrictions of concentration, persistence, and pace; and one or more episodes of decompensation during the period from May 22, 2002 to June 9, 2004." *Id.* On remand, the ALJ should provide specific findings and appropriate rationale to support this determination.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 3rd day of July, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE