IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PAUL B. TAYLOR                                                        PLAINTIFF

vs.                              Civil No. 5:07-cv-05106

MICHAEL J. ASTRUE                                          DEFENDANT
Commissioner, Social Security Administration

## ORDER

Pending now before this Court is Plaintiff's Application for Attorney's Fees under the Equal

Access to Justice Act ("EAJA").  (Doc. No. 11).[1]  Defendant has responded to this Motion and has

objected to the hourly rate Plaintiff requested for attorney's fees and to the number of hours claimed

by Plaintiff's attorney.  (Doc. No. 13).  The parties have consented to the jurisdiction of a magistrate

judge to conduct any and all proceedings in this case, including conducting the trial, ordering the

entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).  Pursuant

to this authority, the Court issues this Order.

## 1. Background:

Paul B. Taylor ("Plaintiff") appealed to this Court from the Secretary of the Social Security

Administration's ("SSA") denial of his request for Disability Insurance Benefits ("DIB") and

Supplemental Security Income ("SSI").  (Doc. No. 1).  On July 3, 2008, this Court reversed and

remanded Plaintiff's case to the ALJ pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 10).

On September 22, 2008, Plaintiff requested fees under the EAJA.  (Doc. No. 11).  Plaintiff has

requested an award of $2,644.20, representing 16.95 hours of attorney work at the rate of $156.00

per hour.  *See id.*  On September 30, 2008, Defendant responded to this application and objected to

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."

the hourly rate Plaintiff requested for attorney work and to the number of hours of attorney work requested.  (Doc. No. 13).  Defendant claims Plaintiff is only entitled to $154.00 per hour of attorney work and should only be compensated for 15.85 hours of attorney work.  *See id.*

**2. <u>Applicable Law:</u>**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified.  The Secretary has the burden of proving that the denial of benefits was substantially justified.  *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir. 1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified").  An EAJA application also must be made within thirty days of a final judgment in an action,  *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired.  *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but  the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100

percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index (CPI). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. (Doc. No. 10). Defendant does not contest Plaintiff's claim that he is the prevailing party and does not oppose Plaintiff's claim that he is entitled to fees under the EAJA. (Doc. No. 13). This Court construes this lack of opposition to this application in the present action as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests an award under the EAJA at the rate of $156.00 per hour for 16.95 hours of attorney work. (Doc. No. 14). Defendant objects to both the requested hourly rate for attorney work and to the hours claimed for attorney work. *See id.* First, for hours of attorney

work, an enhanced hourly rate is authorized by the EAJA as long as a CPI is submitted, and this CPI demonstrates a cost of living increase. *See Johnson,* 919 F.2d at 504. Plaintiff has submitted a CPI demonstrating a cost of living increase (Doc. No. 12, Ex. 1). However, this Court finds that an award of $165.00 per hour of attorney work is excessive and would not be consistent with other EAJA awards in this District. *See Bardt v. Astrue,* No. 5:07-cv-5067 (W.D. Ark. June 30, 2008) (awarding $152.00 per hour of attorney work). The Court finds $154.00 per hour for attorney work is proper and awards Plaintiff this amount.

Second, I have reviewed counsel's itemization of time appended to Plaintiff's application. (Doc. No. 11). Under the EAJA, the prevailing party is not authorized to recover fees for work that could have been performed by the support staff. *See Granville House, Inc. v. Dep't of Health, Educ. and Welfare,* 813 F.2d 881,884 (8th Cir. 1987) (holding that the prevailing party was not entitled to compensation for work which could have been performed by support staff). In the present action, Plaintiff's application includes a request for 1.1 hours of work that could have been performed by support staff:

| | | |
|---|---|---|
| 6/1/07 | Complaint and application in forma pauperis and summons tendered to the clerk for filing. | 30 min. |
| 6/7/07 | Telecon w/US Clerk | 6 min. |
| 7/6/07 | Attorney mailed by certified letter copy of complaint, summons to appropriate parties | 15 min. |
| 8/7/07 | Rec'd certified receipts; prepared letter filing Affidavit of Mailing | 15 min. |

Because this work could have been performed by support staff, this requested time is not compensable under the EAJA. Accordingly, Plaintiff is only entitled to compensation for 15.85

hours of attorney work at an hourly rate of $154.00 or a total of $2,440.90 in attorney's fees.

**4. Conclusion:**

Based upon the foregoing, the Court awards $2,440.90 in attorney's fees pursuant to the

EAJA, 28 U.S.C. § 2412.

ENTERED this 1st day of October, 2008.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE